UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Civil Action No.: 4:21-cv-40053

| | |
|---|---|
| COMMERCE INSURANCE COMPANY, <br>     Plaintiff, <br><br> v. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br>     Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Commerce Insurance Company ("Commerce"), asserts this claim for declaratory relief against Philadelphia Indemnity Insurance Company ("Philadelphia"), seeking a determination and declaration of the rights and responsibilities of the parties under two contracts of insurance issued by Philadelphia to Community Intervention Services, Inc. and others and alleges:

### I.   Parties

1. Commerce Insurance Company is a domestic profit corporation with its principal place of business at 211 Main Street in Webster, Massachusetts. Commerce was duly licensed to sell insurance in the Commonwealth of Massachusetts at all times material hereto.

2. Upon information and belief, the defendant, Philadelphia Indemnity Insurance Company, is a Pennsylvania Insurance Business Corporation with its principal place of business at 1 Bala Plaza in Bala Cynwyd, Pennsylvania and was duly licensed to sell insurance in the Commonwealth of Massachusetts at all times material hereto.

**II.     Jurisdiction**

3.     The action is within the jurisdiction of this court, pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4.     This court has jurisdiction over this matter and may enter a declaration of rights and responsibilities of the parties pursuant to 28 U.S.C. § 2201.

5.     An actual controversy of a justiciable nature exists between the parties involving the rights and obligations under a commercial general liability policy and an umbrella policy issued by Philadelphia to Community Intervention Services, Inc. and others.

6.     A declaration of this Court will resolve the controversy between the parties.

**III.    Statement of Facts**

     **A.     The Underlying Action**

3.     On or about September 24, 2018, a civil action entitled *Heather Rosenquist v. Antonio Damon, Commerce Associates Real Estate Management, Commerce Associates LP, 340 and 390 Main Street Associates, Inc. and New Commerce Properties, Inc.*, was filed in Worcester County Superior Court ("Underlying Action"). A copy of the complaint in the Underlying Action is attached hereto and incorporated herein by reference as **Exhibit A**.

4.     In the complaint in the Underlying Action ("Underlying Complaint") Heather Rosenquist ("Ms. Rosenquist" or "Underlying Plaintiff") alleges that "on August 9, 2016, while in the course of her employment, the plaintiff Heather Rosenquist was assaulted by

defendant Antonio Damon in the property of the Commerce Defendants located on 340 Main Street, Worcester, Massachusetts." *See* Ex. A at ¶ 4.

5. The Underlying Complaint further alleges that prior to Ms. Rosenquist's assault, the defendant owners and/or property managers received complaints from various tenants of 340 Main street, Worcester, MA notifying them of trespassers in the building and regarding empty alcohol containers and drug paraphernalia being found in the hallways and bathrooms. The Complaint further states "the tenants feared for their safety and requested that security be provided." *See* Ex. A at ¶¶ 5-6.

6. The Complaint further alleges as follows:

   a. "On August 9, 2016, shortly before Ms. Rosenquist was violently assaulted, a tenant of 340 Main Street, Worcester, MA, complained to the defendant owners and/or property management's customer service representative and security provider that she encountered an intruder in the building who scared her and she requested assistance."

   b. "The defendant owners and/or property management's customer service representative and security provider responded to the tenant, located defendant Damon, determined he was intoxicated by substance, and then negligently tried to effect his removal from the building after determining he was a trespasser by instructing him to leave the premises."

   c. "Rather than escort Damon from the building or even observe him begin to leave, the customer service representative and security provider turned his back on defendant Damon and returned to his office while defendant Damon remained in the proximity of the plaintiff's office."

   d. "Moments later defendant Damon commenced the assault of the plaintiff Heather Rosenquist."

*See* Ex. A at ¶¶ 6-9.

7. The Underlying Complaint alleges negligence against Commerce Associates Real Estate Management, Commerce Associates LP, 340 and 390 Main Street Associates, Inc., and New Commerce Properties, Inc. (collectively "Main Street Defendants")

8. Philadelphia has acknowledged that it has a duty to defend the Main Street Defendants in this matter, pursuant to a purported reservation of rights dated February 19, 2019.

### B. The Insurance Policies

#### i. Commerce Policies

9. Commerce issued a policy which included commercial general liability coverage to multiple named insureds, including the Main Street Defendants, policy number 15 CPP BGCDHK, which was in effect from 11/05/15 to 11/05/16 ("Commerce CGL Policy").

10. The Commerce CGL Policy has a limit of liability of $1,000,000 per occurrence and $2,000,000 aggregate.

11. Commerce also issued a Liability Umbrella Policy, policy number CP 417082-15, to multiple named insureds, including the Main Street Defendants, with effective dates of 11/5/15 to 11/5/16 ("Commerce Umbrella Policy").

12. The Commerce Umbrella Policy has a limit of liability of $5,000,000 per occurrence and $5,000,000 aggregate.

13. The Commerce Umbrella Policy also contains a self-insured retention amount of $10,000.

14. Both the Commerce CGL Policy and the Commerce Umbrella Policy were in effect at the time of the assault alleged in the Underlying Complaint.

### ii.   Philadelphia Policies

15.  Philadelphia issued a commercial general liability policy to Community Intervention Services, Inc. policy number PHPK1503064 with effective dates of June 1, 2016 to June 1, 2017 (the "Philadelphia CGL Policy").

16.  The Philadelphia CGL Policy has a limit of liability of $1,000,000 per occurrence and $3,000,000 aggregate.

17.  Philadelphia issued a Commercial Umbrella Liability Policy, policy number PHUB542778, to Community Intervention Services, Inc., with effective dates of June 1, 2016 to June 1, 2017 ("Philadelphia Umbrella Policy").

18.  The Philadelphia Umbrella Policy has a limit of liability of $10,000,000 per occurrence and $10,000,000 aggregate.

19.  The Main Street Defendants are additional insureds under Philadelphia CGL Policy and the Philadelphia Umbrella Policy.

20.  The Main Street defendants qualify as additional insureds pursuant to the Philadelphia CGL Policy's endorsement creating additional insured status for Managers, Landlords, or Lessors of Premises.

21.   The Main Street defendants also qualify as additional insureds pursuant to the Philadelphia CGL Policy's additional insured As Required by Contract provision.

22.  The Philadelphia CGL Policy includes an endorsement entitled GENERAL LIABILITY DELUXE ENDORSEMENT: HUMAN SERVICES, form PI-GLD-HS (10/11), which provides in part:

    L.   Additional Insureds

SECTION II – WHO IS AN INSURED is amended as follows:
…

2. Each of the following is also an insured:

…

f. **Managers, Landlords, or Lessors of Premises** – Any person or organization with respect to their liability arising out of the ownership, maintenance or use of that part of the premises leased or rented to you subject to the following additional exclusions:

This insurance does not apply to:
(1) Any "occurrence" which takes place after you cease to be a tenant in that premises; or
(2) Structural alterations, new construction or demolition operations performed by or on behalf of that person or organization.

…

k. **As Required by Contract** – Any person or organization where required by a written contract executed prior to the occurrence of a loss. Such person or organization is an additional insured for "bodily injury," "property damage" or "personal and advertising injury" but only for liability arising out of the negligence of the named insured. The limits of insurance applicable to these additional insureds are the lesser of the policy limits or those limits specified in a contract or agreement. These limits are included within and not in addition to the limits of insurance shown in the Declarations.

23. Additionally, the Philadelphia Indemnity commercial general liability policy includes an endorsement entitled Additional Insured – Managers or Lessors of Premises – form CG 20 11 01 96 and CG 20 11 04 13, which provides in relevant part:

A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to their liability arising out of:
1. Their financial control of you; or

   2. Premises they own, maintain or control while you lease or occupy these premises.
   However:
   1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
   2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

### iii.     The CGL Policies' Other Insurance Provisions

24. Philadelphia has a duty to defend the Main Street Defendants in the Underlying Action pursuant to the Philadelphia CGL Policy.

25. Philadelphia has a duty to defend the Main Street Defendants in the Underlying Action pursuant to the Philadelphia CGL Policy, should there be a determination of liability against the Main Street Defendants in the Underlying Action.

26. Both the Commerce CGL Policy and the Philadelphia CGL Policy contain "other insurance" provisions which seek to determine the order of payment among policies, when more than one policy applies.

27. The Philadelphia CGL Policy includes two commercial general liability coverage forms, form numbers CG 00 01 12 07 and CG 00 01 04 13. It is unclear why two editions of the same coverage form are included in Philadelphia's policy. With regard to the "other insurance" provisions in the two policies the differences are not implicated here.

28. The Commerce CGL Policy includes the commercial general liability policy coverage form number CG 00 01 12 07.

29. The CG 00 01 12 07 form provides, with regard to "other insurance," as follows:

4. Other Insurance
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. Primary Insurance
   This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.

   Then, we will share with all that other insurance by the method described in Paragraph c. below.

b. Excess Insurance
   (1) This insurance is excess over:
       (a) Any of the other insurance, whether primary, excess, contingent or on any other basis:
           (i) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or
           similar coverage for "your work";
           (ii) That is Fire insurance for premises …;
           (iii) That is insurance purchased by you to cover your liability as a tenant for "property damage" …; or
           (iv) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft ….
       (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.
   (2) When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
   (3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
       (a) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
       (b) The total of all deductible and self insured amounts under all that other insurance.
   (4) We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance

provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. Method Of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

30. The application of the above quoted "other insurance" provision contained in both the CGL Policies results in the Philadelphia CGL Policy paying first and Commerce is excess with regard to the two commercial general liability policies.

31. Pursuant to the "other insurance" clause, the Philadelphia CGL Policy must pay, pursuant to its duty to defend, for the full cost of the defense of the Underlying Action.

32. Pursuant to the "other insurance" clause, the Philadelphia CGL Policy must pay, pursuant to its duty to indemnify, the first $1,000,000 in indemnification of the Underlying Action.

33. Once the Philadelphia CGL Policy has been exhausted by payment of $1,000,000 in indemnification of the Underlying Action, then to the extent the liability exceeds $1,000,000 Commerce will be obligated to pay, up to its limit of liability of $1,000,000.

iv. **The Umbrella Policies' Other Insurance Provisions**

34. To the extent that the liability of the Main Street Defendants exceeds $2,000,000, which is paid by the two CGL policies, any remaining liability would be allocated based on the "other insurance" provisions contained in the two umbrella policies.

35. The Main Street Defendants are insureds under the Philadelphia Umbrella Policy, which provides:

> **3.** Each of the following is also an insured:
> …
>
> **e.** Any person or organization for whom you agreed in writing to provide this insurance for operations you perform or facilities you own or use. This insurance is subject to your "applicable underlying limits" for such operations or facilities.
> **f.** Any other person or organization insured under any policy of the "underlying insurance." This grant is subject to all the limitations upon coverage under such policy other than the limits of the "underlying insurers" liability.

36. Both umbrella policies contain the same "other insurance" provision, which provides:

> **10. Other Insurance**
> **a.** This insurance is excess over, and shall not contribute with any of the other insurance whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this policy.
>
> When this insurance is excess, we will have no duty under this policy to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
>
> **b.** When this insurance is excess over other insurance, we will pay only our share of the "ultimate net loss" that exceeds the sum of:
>
> **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
> **(2)** The total of all deductible and self-insured amounts under all that other insurance.

37. Pursuant to the "other insurance" provisions of the Philadelphia Umbrella Policy, it does not pay until the Commerce Umbrella Policy is exhausted.

38. Pursuant to the "other insurance" provision of the Commerce Umbrella Policy, it does not pay until the Philadelphia Umbrella Policy is exhausted.

39. Thus, the umbrella policies are mutually repugnant and Philadelphia and Commerce share indemnity above $2,000,000, if any, on a pro-rata based on policy limits.

40. With regard to the Underlying Action, any indemnification payments under the two umbrella policies shall be divided pro-rata based on policy limits, with Philadelphia paying two-thirds (66.7%) and Commerce paying one-third (33.3%), until Commerce Umbrella Policy's limit of liability is exhausted.

### COUNT I
### DECLARATORY RELIEF

41. Commerce repeats and incorporates by referenced herein its paragraphs 1 through 39 above as if fully set forth herein.

42. There is a dispute between the parties as to the meaning and interpretation of the Philadelphia CGL and Philadelphia Umbrella Policies and the application of the respective "other insurance" clauses in two CGL policies and in the two umbrella policies.

43. Commerce seeks a Declaratory Judgment herein that:

   a. The Main Street Defendants are covered under the Philadelphia CGL Policy for the Underlying Action;

   b. Philadelphia has a duty to defend the Main Street Defendants in the Underlying Action under the Philadelphia CGL Policy;

    c. Philadelphia has a duty to indemnify the Main Street Defendants for any liability in the Underlying Action under the Philadelphia CGL Policy;

    d. The Philadelphia CGL Policy is primary for the Main Street Defendants in the Underlying Action and must pay its $1,000,000 limits of liability for the first $1,000,000 in liability against the Main Street Defendants;

    e. The Commerce CGL Policy does not pay until the Philadelphia CGL Policy has been exhausted;

    f. Once the two CGL policies have been exhausted, the Philadelphia Umbrella Policy and the Commerce Umbrella Policy are co-primary insurance for the Main Street Defendants with regard to the Underlying Action because the Other Insurance clauses in two umbrella policies are mutually repugnant;

    g. Any indemnification payments under either umbrella policy regarding the Underlying Action shall be divided pro-rata based on policy limits, with Philadelphia paying two-thirds (66.7%) and Commerce paying one-third (33.3%), until Commerce's limit of liability is exhausted; and

    h. Such other and further relief as is necessary to effectuate these declarations, is just and proper.

43. A declaration will resolve the controversy between the parties.

WHEREFORE, Commerce Insurance Company prays that this Court declare as follows:

    A. The Main Street Defendants are covered under the Philadelphia CGL Policy for the Underlying Action;

    B. Philadelphia has a duty to defend the Main Street Defendants in the Underlying Action under the Philadelphia CGL Policy;

C. Philadelphia has a duty to indemnify the Main Street Defendants for any liability in the Underlying Action under the Philadelphia CGL Policy;

D. The Philadelphia CGL Policy is primary for the Main Street Defendants in the Underlying Action and must pay its $1,000,000 limits of liability for the first $1,000,000 in liability against the Main Street Defendants;

E. The Commerce CGL Policy does not pay until the Philadelphia CGL Policy has been exhausted;

F. Once the two CGL policies have been exhausted, the Philadelphia Umbrella Policy and the Commerce Umbrella Policy are co-primary insurance for the Main Street Defendants with regard to the Underlying Action because the Other Insurance clauses in two umbrella policies are mutually repugnant;

G. Any indemnification payments under either umbrella policy regarding the Underlying Action shall be divided pro-rata based on policy limits, with Philadelphia paying two-thirds (66.7%) and Commerce paying one-third (33.3%), until Commerce's limit of liability is exhausted; and

H. Such other and further relief as is necessary to effectuate these declarations, is just and proper.

Respectfully submitted,
COMMERCE INSURANCE COMPANY,
By its Attorney,

/s/ *Laura Meyer Gregory*

_____

Laura Meyer Gregory, BBO#563689
SLOANE and WALSH, LLP
One Boston Place
201 Washington Street – Suite 1600
Boston, MA 02108
Telephone: (617)523-6010
Facsimile: (617)227-0927
lgregory@sloanewalsh.com

DATED: May 28, 2021