UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-40053-RGS

COMMERCE INSURANCE COMPANY

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY

MEMORANDUM & ORDER
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

April 27, 2023

STEARNS, D.J.

Commerce Insurance Company (CIC) brought this action seeking indemnification from Philadelphia Indemnity Insurance Company (PIIC) with respect to a $6 million settlement with the victim of a rape on an insured commercial premises. The parties cross-move for summary judgment pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

Underlying this dispute is a violent assault that took place while there was arguably overlapping insurance coverage attributable to CIC and PIIC. Heather Rosenquist, a social worker, was employed at South Bay Mental Health Center, Inc. (South Bay). South Bay leases Suite 818 in a building

located at 340 Main Street in Worcester, Massachusetts. Commerce Associates Real Estate Management, Commerce Associates LP, 340 & 390 Main Street Associates, Inc., and New Commerce Properties (collectively, the Underlying Defendants) own and manage the building.

On August 9, 2016, Rosenquist was violently raped by Antonio Damon while she was at work in Suite 818. Damon's presence had been reported to building management, but neither building management nor the security guard on duty took steps to remove him from the building. Damon, wielding a knife, entered Suite 818 and raped Rosenquist. Damon was subsequently convicted of rape and several other charges, and sentenced to state prison.

Rosenquist filed suit against the Underlying Defendants, alleging negligence for failure to exercise due care in the management of building security. The Underlying Defendants had purchased primary commercial general liability and umbrella policies from CIC, covering the building. CIC eventually settled the negligence claims against the Underlying Defendants with Rosenquist for $6 million.

While the negligence case was pending, CIC wrote to PIIC, South Bay's insurer. CIC requested that PIIC indemnify CIC with respect to Rosenquist's claims, arguing that the Underlying Defendants were covered under South Bay's commercial general liability and umbrella policies with PIIC through

South Bay's lease with the Underlying Defendants. South Bay's lease with the Underlying Defendants required South Bay to name its landlord, Commerce Associates LP, as an additional insured to its commercial general liability insurance policy and to indemnify Commerce Associates for any personal injury claims while on the property. *See* Ex. L of Pl.'s Mem. in Supp. Mot. for Summ. J. (Lease) [Dkt # 42-12] §§ 12-13. PIIC responded to CIC by asserting that neither South Bay's commercial general liability policy nor its umbrella policy covered the Underlying Defendants. PIIC consequently did not participate in the mediation process that resulted in the settlement with Rosenquist.

CIC now seeks declaratory relief from this court that PIIC had a duty to defend and indemnify the Underlying Defendants in Rosenquist's suit under South Bay's commercial general liability policy. CIC argues that only after PIIC pays its general commercial liability policy limit does CIC's general commercial liability policy attach. CIC also argues that once both general commercial liability policies have been exhausted, CIC and PIIC's umbrella policies are co-primary insurance for the Underlying Defendants, and that

the remaining settlement amount should therefore be divided pro-rata based on policy limits.[1]

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The interpretation of an insurance policy is a matter of law to be decided by the court based on the policy terms' plain meaning in the context of the document as a whole. *See Performance Trans., Inc. v. Gen. Star Indem. Co.*, 983 F.3d 20, 24 (1st Cir. 2020). The court may resolve this matter at the summary judgment stage because, as the parties agree, the dispute is a matter of insurance policy interpretation and the material facts are not in dispute.

---

[1] In its summary judgment motion, CIC argues that PIIC must reimburse the full $6 million settlement. However, CIC is bound by its pleadings, which seek at most $3,666,667. *Compare* Am. Compl. [Dkt # 4] at 16-17 (arguing that PIIC and CIC must first exhaust their $1,000,000 general commercial liability policy limits and then share the remaining $4 million on a pro-rata basis under their umbrella policies), *with* Pl.'s Mem. in Supp. Mot. for Summ. J. [Dkt # 42] at 17 (arguing PIIC must pay $6 million); *see also* 03/07/2023 Order [Dkt # 47] (denying CIC's second motion to amend its complaint filed on the eve of summary judgment to add a claim that PIIC must reimburse the full settlement amount).

Although PIIC denies on several grounds that it is obligated to reimburse CIC, the court will address the Abuse or Molestation Exclusion in PIIC's policy because it is dispositive of the issue. South Bay's commercial general liability insurance policy with PIIC states: "This insurance does not apply to "'bodily injury' . . . arising out of: . . . [t]he actual or threatened abuse or molestation by anyone of any person while in the care, custody, or control of any insured." Ex. 11 of Def.'s Statement of Facts (PIIC CGL Policy) [Dkt # 39-11] at 89.

PIIC argues that Rosenquist's rape fits under the plain terms of the exclusion because she was molested while in the care of South Bay as an insured and Commerce Associates LP as an additional insured. CIC argues that the Abuse or Molestation Exclusion does not apply because (1) the rape of Rosenquist was not abuse or molestation within the meaning of the exclusion, and (2) Rosenquist was not in the care of South Bay.

Insurance policy terms must be interpreted "under the general rules of contract interpretation, beginning with the actual language of the policies, given its plain and ordinary meaning." *Easthampton Congregational Church v. Church Mut. Ins. Co.*, 916 F.3d 86, 81 (1st Cir. 2019), quoting *Lind-Hernández v. Hosp. Episcopal San Lucas Guayama*, 898 F.3d 99, 103 (1st Cir. 2018). While CIC urges the court to consider the history of coverage

5

exclusions for abuse or molestation, Pl.'s Supp. Mem. [Dkt # 60] at 2-3, the court need look no further than the plain meaning of the terms because the First Circuit has found that such exclusions are "generally unambiguous in the face of attacks on various parts of the language used." *Valley Forge Ins. Co. v. Field*, 670 F.3d 93, 98 (1st Cir. 2012). Under Massachusetts law, the court "err[s] on the side of the narrowest plausible interpretation of the exclusion and resolve doubts about the scope of an exclusion in favor of the insured." *Performance Trans.*, 983 F.3d at 25.

The plain meaning of "molestation" leaves no such margin of doubt to compel an interpretation of the exclusion in favor of CIC. "Molestation," while undefined in the policy itself, is plainly understood and defined as "[t]he act of making unwanted and indecent advances to or on someone, esp[ecially] for sexual gratification." *Molestation*, Black's Law Dictionary (11th ed. 2019).[2] Rape, typically understood as sexual intercourse forced

---

[2] CIC spills much ink on the proposition that molestation requires an institutional power imbalance between the victim and perpetrator beyond physical dominance, relying on the Supreme Judicial Court's recent opinion in *Dorchester Mutual Insurance Company v. Miville*, 491 Mass. 489 (2023). But in *Miville*, the Supreme Judicial Court held only that an imbalance of power is required for conduct to constitute physical abuse, without reference to molestation. *See id.* at 500 ("We therefore clarify that, for conduct to constitute 'physical abuse' as a reasonable insured would understand the term when reading the language of the abuse and molestation exclusion and the policy as a whole, the conduct must involve an imbalance or misuse of power in addition to being physically harmful."). The Supreme Judicial

6

upon a person without his or her consent, is an epitomical form of molestation under its ordinary definition. The rape of Rosenquist, which the parties do not dispute occurred, *see* Pl.'s Statement of Facts [Dkt # 44] ¶ 2; Def.'s Statement of Facts [Dkt # 39] ¶¶ 3-4, constitutes molestation under PIIC's exclusion.

Rosenquist was also in the care of Commerce Associates LP at the time of the incident. The First Circuit has held that the "the plain meaning of 'care' i[n] the Abuse or Molestation Exclusion here accords with the dictionary definition that being 'in the care of' includes 'charge, supervision, management: responsibility for or attention to safety and well-being.'" *Valley Forge*, 670 F.3d at 99, quoting *Webster's Third New International Dictionary* 338 (1993). One "may be 'in the care' of another, without being 'in the custody' of or 'in the control' of another." *Id.*

A tenant is in the care of his or her landlord. *Cf. Choy v. First Columbia Mgmt., Inc.*, 676 F. Supp. 28, 29 (D. Mass. 1987) (noting that a landlord owes

---

Court made clear that it viewed that the power imbalance aspect of "physical abuse" as a requirement over and above what "sexual molestation" requires, otherwise the terms would be "superfluous." *See id.* at 494-495, citing *Dorchester Mut. Ins. Co. v. Krusell*, 485 Mass. 431, 440 (2020); *see also id.* at 495 (noting that sexual molestation only "generally" involves an imbalance or exploitation of power between the perpetrator and the victim).

a duty to a tenant to maintain adequate security over the premises).[3] That the Underlying Defendants were responsible for the safety and well-being of Rosenquist in the building is supported by the fact that the Underlying Defendants provided security services to the building and were informed of Damon's presence before the attack, yet the building security guard failed to remove him from the premises, as is undisputed by the parties. *Compare* Def.'s Statement of Facts [Dkt # 39] ¶ 2, *with* Pl.'s Resp. to Def.'s Statement of Facts [Dkt # 52] ¶ 2 ("Commerce does not dispute the statement of facts in this paragraph for the purposes of the parties' cross-motions for summary judgment only.").

Rosenquist was molested while under the care, in the legal meaning of the term, of Commerce Associates LP, thus falling within PIIC's Abuse or Molestation Exclusion of coverage. Because South Bay's umbrella policy with PIIC is subject to the limitations of its general commercial liability policy with PIIC, the umbrella policy also does not provide coverage. Ex. J of Def.'s Statement of Facts [Dkt # 39-12] at 31-34 (defining an insured of the PIIC umbrella policy as, "[a]ny other person or organization insured

---

[3] Whether Commerce Associates LP met its duty of care towards Rosenquist is immaterial because the parties settled in the underlying negligence litigation. But this court's recognition of a landlord's duty of care to its tenants is instructive as to whether Rosenquist was under the care of Commerce Associates LP.

under any policy of the [PIIC general commercial liability policy]" and noting that "[t]his grant is subject to all the limitations upon coverage under such policy other than the limits of the 'underlying insurers' liability").

## ORDER

For the following reasons, PIIC's Motion for Summary Judgment is ALLOWED and CIC's Motion for Summary Judgement is DENIED. It is ADJUDGED and DECLARED that PIIC has no duty to indemnify CIC for the settlement it reached on behalf of its insured with Rosenquist. The Clerk will enter judgment accordingly and close this case.

                                      SO ORDERED.

                                      /s/ Richard G. Stearns_____
                                      UNITED STATES DISTRICT JUDGE